IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00225-CV

 

Black Mountain Industries, Inc. 

and Kyle Greenwood,

                                                                                    Appellants

 v.

 

Jeff Meads, Individually and 

d/b/a "Tack Saddle Shop,"

                                                                                    Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 06-919-CV-272

 



MEMORANDUM  Opinion



 








            The parties have filed a joint motion
to set aside the trial court’s judgment and remand this case to the trial court
for entry of a judgment in accordance with the parties’ settlement agreement.  See
Tex. R. App. P. 42.1(a)(2)(B). 
They ask that costs be taxed against the party incurring same.  Id. 42.1(d).  The motion is granted.  The judgment is set aside without regard to
the merits and this case is remanded to the trial court for entry of a judgment
in accordance with the parties’ settlement agreement.  Costs are taxed against
the party incurring same.

                                                                                    PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Judgment
set aside and remanded

Opinion
delivered and filed March 26, 2008

[CV06]

 






oNormal style='text-align:justify;line-height:200%'>            Appellant’s second issue
asserts that section 263.401 of the Family Code is unconstitutional as a
separation-of-powers violation because it arbitrarily requires a trial within
eighteen months in cases in which the Department requests termination of the
parent-child relationship or that the Department be named conservator of the
child.[1] 
See Tex. Fam. Code Ann. §
263.401 (Vernon 2008).  While I would find persuasive the decision in Texas
Dep’t Fam. & Prot. Serv’s. v. Dickensheets, 274 S.W.3d 150 (Tex.
App.—Houston [1st Dist.] 2008, no pet.), neither this court nor our supreme
court appears to have addressed such a challenge to section 263.401.  The fact
that a sister court has ruled on the issue should not render as frivolous
Appellant’s constitutional challenge.

I would apply this same rationale to
Appellant’s first issue, which is that subsection 161.103(e) of the Family Code
is unconstitutional.  Appellant asserts equal-protection and due-process
challenges to subsection 161.103(e), which provides:

            (e) The relinquishment in an
affidavit that designates the Department of Protective and Regulatory Services
or a licensed child-placing agency to serve as the managing conservator is
irrevocable.  A relinquishment in any other affidavit of relinquishment is
revocable unless it expressly provides that it is irrevocable for a stated
period of time not to exceed 60 days after the date of its execution.

 

Tex. Fam. Code
Ann. § 161.103(e) (Vernon
2008).  Appellant asserts that the statute violates equal protection because a
relinquishment affidavit that designates the Department or a licensed
child-placing agency to serve as the managing conservator denies parents an opportunity
to reconsider their decision to relinquish parental rights, while any other
relinquishment affidavit is revocable within a certain time period.  Neither
this court nor our supreme court appears to have addressed this issue.

The Department points out that in 1989,
the Amarillo court considered this issue under an earlier version of the Family
Code in In re McAda, 780 S.W.2d 307 (Tex. App.—Amarillo 1989, writ
denied).  If I were to address the merits of Appellant’s constitutional
challenge to subsection 161.103(e), McAda would be persuasive authority
for finding the statute constitutional.  See id. at 311.  But I would
not avoid the merits of the issue by finding it frivolous.

            Accordingly, I respectfully
dissent.

 

 

REX D. DAVIS

Justice

 

Dissenting
opinion delivered and filed August 24, 2011









[1] In his motion for new trial, Appellant
asserted that he was under indictment at the time this termination case was
called to trial, which was eighteen months after his children had been
removed.  He claimed that he was faced with the dilemma of waiving his right
against self-incrimination or losing his children, and that but for section
263.401’s deadline, the criminal case should have been tried first.  It appears
that Appellant resolved the dilemma a third way by executing the relinquishment
affidavit.  He thus sought to undo the relinquishment affidavit with his
constitutional challenge to subsection 161.103(e), and he sought a new trial
without 263.401’s arbitrary deadline.